IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **HARDING LOVETT, # A-90919,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-cv-1023-JPG |
| | ) | |
| **JARRETT K. NEFF,** | ) | |
| **BETH NESTER,** | ) | |
| **STATE ATTORNEY OFFICE of** | ) | |
| **ST. CLAIR COUNTY,** | ) | |
| **ST. CLAIR COUNTY, ILLINOIS,** | ) | |
| **ST. CLAIR COUNTY SHERIFF'S DEPT.,** | ) | |
| **SHANE BROWN,** | ) | |
| **KURT EVERSMAN,** | ) | |
| **KEVIN KOCUREK,** | ) | |
| **WILLIAM CASTO,** | ) | |
| **and MATHEW LINDLEY,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Menard Correctional Center ("Menard"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose from his arrest and criminal proceedings while he was detained at the St. Clair County Jail ("the Jail"). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that two of Plaintiff's claims survive threshold review under § 1915A.

**<u>The Complaint</u>**

According to Plaintiff, on September 29, 2015, Neff (St. Clair County Sheriff's Officer) lied about Plaintiff engaging in criminal activity in order to obtain a search warrant. (Doc. 1, pp. 10, 12). The warrant was issued, but Plaintiff asserts it lacked probable cause as it was based on

2

false information from Neff. On September 30, 2015, Neff and other unnamed officers entered Plaintiff's apartment and arrested him. (Doc. 1, pp. 10-11, 13). During the arrest, they threw Plaintiff against a wall. (Doc. 1, p. 12). Plaintiff claims the arrest was improper because there was no valid warrant. (Doc. 1, pp. 11-12).

At some point after Plaintiff was taken to the St. Clair County Jail on September 30, 2015, he was "illegally strip search[ed]" by the St. Clair County Sheriff's Department. (Doc. 1, p. 14). He lists Officers Brown, Eversman, Kocurek, Costo, and Lindley as being responsible for the strip search, and names the Sheriff's Department and St. Clair County as Defendants in connection with that event. (Doc. 1, p. 2).

On October 16, 2015, Neff "creat[ed] even more false information" in a report which stated he was the testifying witness for the grand jury, and forged a signature of a "non-existent person" who Neff claimed was the grand jury foreman. (Doc. 1, p. 11). Also on October 16, 2015, the St. Clair County State's Attorney's Office allegedly violated Plaintiff's civil rights by denying him the preliminary hearing that had been scheduled for that date. *Id.*

Plaintiff asserts that he was never actually indicted on the charges he faced, and thus was held in custody in violation of his constitutional rights for almost 2 years. (Doc. 1, pp. 8, 12). He claims that the St. Clair County State's Attorney's Office had set 3 different indictment dates, October 9, 2015; October 16, 2015; and August 11, 2016, but he was not indicted on any of those dates. (Doc. 1, p. 12).

As of October 30, 2015, Plaintiff had been held for 30 days without a preliminary hearing or an official indictment, on Case No. CF-15-1181. (Doc. 1, p. 18). He seeks to hold the St. Clair County State's Attorney's Office liable for that violation, as well as for the alleged denials of his speedy trial rights on July 14, 2016. (Doc. 1, p. 18).

On August 11, 2016, Nester (Assistant State's Attorney) violated Plaintiff's civil rights by "orchestrating an illegal proceeding" resulting in "illegal grand jury transcripts." (Doc. 1 p. 7). Nester attempted to cover up Neff's incompetent investigation, and conspired with Lindley (St. Clair County Sheriff's Dept.) in an "illegal examination" where no grand jury was present. *Id.* Nester engaged in a malicious prosecution of Plaintiff. (Doc. 1 pp. 7-9).

Also on August 11, 2016, a hearing was held on a motion to quash arrest and suppress illegally seized evidence. (Doc. 1, p. 12). Plaintiff represented himself at that hearing, and questioned Neff about matters leading up to the issuance of the search warrant on September 29, 2015. Neff admitted that he never observed Plaintiff breaking any laws, which Plaintiff contends should have resulted in the dismissal of the case against him.

On November 30, 2016, Plaintiff was again subjected to an "illegal strip search" by the St. Clair County Sheriff's Department. (Doc. 1, p. 14).

Finally, Plaintiff claims that on June 2 and June 16, 2017, the St. Clair County State's Attorney's Office and the St. Clair County Sheriff's Department violated his civil rights by failing to comply with a FOIA request from Plaintiff. (Doc. 1, pp. 18-19). Plaintiff had sought copies of documents relating to the 21-day investigation of him that led to his arrest, but received only 10 pages, which did not include Neff's affidavit.

Plaintiff seeks money damages for the violations of his civil rights; specifically for the "illegal arrest" on September 30, 2015; for "malicious prosecution;" for his "illegal incarceration;" and for the FOIA violation. (Doc. 1, pp. 6, 9, 15).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all

future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Neff obtained a search warrant based on false information about Plaintiff's alleged illegal activity, then searched Plaintiff's home and arrested him using that warrant which lacked probable cause;
>
> **Count 2:** Neff and/or other sheriff's officer(s) used excessive force against Plaintiff during his arrest, by throwing him against a wall;
>
> **Count 3:** Brown, Eversman, Kocurek, Costo, and Lindley subjected Plaintiff to an illegal strip search at the St. Clair County Jail on September 30, 2015;
>
> **Count 4:** Nester and the St. Clair County State's Attorney's Office denied Plaintiff a preliminary hearing in October 2015, failed to properly indict him, and conspired with Lindley to conduct an illegal grand jury proceeding on August 11, 2016;
>
> **Count 5:** The St. Clair County State's Attorney's Office denied Plaintiff a speedy trial in March and July 2016;
>
> **Count 6:** Brown, Eversman, Kocurek, Costo, and Lindley subjected Plaintiff to an illegal strip search at the St. Clair County Jail on November 30, 2016;
>
> **Count 7:** The St. Clair County State's Attorney's Office and St. Clair County Sheriff's Department violated Plaintiff's right to obtain information through a FOIA request.

Counts 1 and 2 shall proceed for further review. The remaining claims fail to state a claim upon which relief may be granted, and shall therefore be dismissed. The dismissal of Counts 3, 6, and 7 shall be without prejudice. Counts 4 and 5 shall be dismissed with prejudice.

## Count 1 – Warrant, Search, and Arrest Lacking Probable Cause

The online records of the Illinois Department of Corrections reveal that Plaintiff is currently serving a sentence on St. Clair County convictions in Case No. 15-CF-1181 for unlawful possession of a firearm by a felon, and possession of a controlled substance. Website

of the Illinois Department of Corrections, Offender Search page, http://www.illinois.gov/idoc/ Offender/Pages/ InmateSearch.aspx (Last visited Nov. 3, 2017). *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases). Records posted by the St. Clair County Circuit Clerk show that Plaintiff pled guilty to those charges and was sentenced on November 28, 2016. Http://www.circuitclerk.co.st-clair.il.us/courts/Pages/icj.aspx (Last visited Nov. 3, 2017). It is apparent that Plaintiff's arrest and detention in the St. Clair County Jail were in connection with the charges on which he now stands convicted based on his guilty plea.

Plaintiff's claims in Count 1 assert that the search warrant that led to his arrest, and the arrest itself, lacked probable cause. Because Plaintiff also claims that he was illegally imprisoned as a result of the arrest and criminal charges, the Court must examine whether his claims are barred under the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994).

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (emphasis in original). The *Heck* Court noted that under some circumstances, a plaintiff may maintain a suit for "damages attributable to an allegedly unreasonable search," so long as the success of such an action "would not *necessarily*

6

imply that the plaintiff's conviction was unlawful." *Heck*, 512 U.S. at 487 n.7 (emphasis in original). The Court observed that in such a case, a plaintiff would have to prove that the unlawful search "caused him actual, compensable injury" before he could recover compensatory damages – and those damages could "*not* encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned)." *Id.*

The Seventh Circuit recently pointed out that this Court should have allowed a plaintiff who pled guilty to a drug crime to pursue his Fourth Amendment civil rights claims against officers who stopped his car based on alleged racial profiling, and then improperly prolonged the traffic stop in order to conduct a canine sniff search. *Mordi v. Zeigler*, 870 F.3d 703, 706-09 (7th Cir. 2017). The appellate court noted that "when a defendant is convicted pursuant to his guilty plea rather than a trial, the validity of that conviction cannot be affected by an alleged Fourth Amendment violation because the conviction does not rest in any way on evidence that may have been improperly seized." *Mordi*, 870 F.3d at 707 (quoting *Haring v. Prosise*, 462 U.S. 306, 321, (1983)). *See also Evans v. Poskon*, 603 F.3d 362 (7th Cir. 2010) ("an arrest without probable cause violates the fourth amendment but does not imply the invalidity of a conviction").

Here, Plaintiff's Fourth Amendment claim in Count 1 falls within the realm of claims that are not barred by *Heck*, so long as the claim stops short of seeking damages for Plaintiff's imprisonment. Plaintiff's conviction rests on his guilty plea; thus his conviction will not be impugned even if he were to prevail on his claim that the search warrant and arrest lacked probable cause because they were based on Neff's allegedly false statements. As the *Mordi* court noted, where a complaint includes some *Heck*-barred components, the court must "carve off" those portions and "proceed with what remains." *Mordi*, 870 F.3d at 708. Accordingly, Plaintiff may proceed with his claim in **Count 1** against Neff, for violating his Fourth

7

Amendment rights by falsely obtaining a search warrant, then searching Plaintiff's home and arresting him without probable cause.

## Count 2 – Excessive Force During Arrest

Plaintiff gives little information to support this claim, and indeed it is not clear whether or not he intended to assert a distinct claim for excessive force. The Complaint's main focus is the absence of probable cause for the warrant obtained by Neff, which Neff and other St. Clair County Sheriff's Officers then used to enter Plaintiff's apartment and arrest him. Plaintiff states that after they "illegally" entered his apartment, "Neff and members of the St. Clair County Sheriff Dept. violated [Plaintiff's] civil rights by . . . throwing [Plaintiff] against the wall." (Doc. 1, p. 12). They then searched Plaintiff, handcuffed him and arrested him "without genuine probable cause." *Id.*

The Fourth Amendment prohibits the use of excessive force by officers during an arrest. *See Graham v. Connor*, 490 U.S. 386 (1989); *Jacobs v. City of Chicago*, 215 F.3d 758, 773 (7th Cir. 2000). Whether or not the force used was excessive must be evaluated using an objective standard. The relevant question is whether, from the perspective of a reasonable law enforcement officer, the defendant officers' actions were " 'objectively reasonable' in light of the facts and circumstances confronting them," such as whether the suspect poses a safety threat to the officers or others, whether he is resisting arrest, or attempting to flee. *Graham*, 490 U.S. at 397; *Payne v. Pauley*, 337 F.3d 767, 778 (7th Cir. 2003). If those circumstances, balanced with the individual's interest, demonstrate that the force was objectively reasonable, then the actions did not constitute excessive force.

At this juncture, the Court does not have sufficient facts before it to assess whether the level of force used against Plaintiff was objectively reasonable. Additionally, it is not entirely

8

clear from the Complaint whether Neff was personally responsible for throwing Plaintiff against the wall. Giving liberal construction to the Complaint, however, it survives review under § 1915A at this early stage. **Count 2** for excessive force may therefore proceed for further consideration against Neff.

### Dismissal of Count 3 – Strip Search – September 30, 2015

For this claim, Plaintiff identifies several officers by name who were allegedly involved in the strip search. However, Plaintiff gives no facts regarding the search, and does not describe the conduct of any particular Defendant. He merely concludes that the strip search was "illegal." Such a conclusory statement, unsupported by any factual description, is insufficient to state a cognizable claim. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

Arbitrary or blanket strip searches of pretrial detainees may violate the Constitution. *See Bell v. Wolfish,* 441 U.S. 520, 558-60 (1979) (search of pretrial detainees after contact visits with outsiders was reasonable); *Calvin v. Sheriff of Will Cnty.*, 405 F. Supp. 2d 933, 938-940 (N.D. Ill. 2005) (noting that "*Bell* did not validate a blanket policy of strip searching pretrial detainees"). However, without any facts describing the search or the circumstances surrounding it, the Court cannot evaluate whether Plaintiff states a viable claim. Accordingly, **Count 3** shall be dismissed without prejudice at this time.

### Dismissal of Count 4 – Denial of Preliminary Hearing or Grand Jury Indictment

In this claim, Plaintiff seeks to hold Nester (St. Clair County prosecutor) and the St. Clair County State's Attorney's Office liable for denying him a preliminary hearing, failing to properly indict him for the criminal charges he faced, and conducting an illegal grand jury proceeding.

Nester's involvement in these pretrial proceedings cannot form the basis of a civil rights claim against her (or the State's Attorney's Office). "In initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (prosecutor has absolute immunity for activities that are "intimately associated with the judicial phase of the criminal process"). *See also Buckley v. Fitzsimmons*, 20 F.3d 789, 795 (7th Cir. 1994) (prosecutors absolutely immune for actions as advocates even if they "present unreliable or wholly fictitious proofs"); *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986) (absolute immunity shields prosecutor "even if he initiates charges maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence").

Because Plaintiff's claims against Nester and her office all derive from the initiation of the prosecution and subsequent court proceedings, the claims are barred by prosecutorial immunity. Accordingly, **Count 4** shall be dismissed with prejudice.

**Dismissal of Count 5 – Denial of Speedy Trial**

Plaintiff asserts that in July 2016, the St. Clair County State's Attorney's Office denied him a speedy trial, after Plaintiff had made a speedy trial demand on March 14, 2016. (Doc. 1, p. 18). This claim, like the claims in Count 4, seeks to impose liability on a prosecutor for acts that are part of the prosecutor's official activities during the judicial process. The prosecutor will necessarily be involved in hearings where a judge[1] sets or postpones a trial date, presumably taking speedy trial requirements into account. Prosecutorial immunity also operates to bar Plaintiff's claim in **Count 5**, *see Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976), and this claim shall be dismissed with prejudice as well.

---

[1] Plaintiff shall take note that a judge is also protected from civil liability for official judicial acts, by the doctrine of absolute judicial immunity. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

10

### Dismissal of Count 6 – Strip Search – November 30, 2016

As with Plaintiff's claim over the September 30, 2015, strip search in the St. Clair County Jail, the Complaint fails to provide any factual allegations regarding the conduct of the individual officers involved in this second search. The pleading contains only the bare conclusion that Jail officials subjected Plaintiff to an "illegal strip search" on November 30. (Doc. 1, p. 14).

According to the court records mentioned above, Plaintiff pled guilty and was sentenced on November 28, 2016. Http://www.circuitclerk.co.st-clair.il.us/courts/Pages/icj.aspx (Last visited Nov. 3, 2017). Therefore, he was a convicted prisoner and no longer a pretrial detainee as of the November 30, 2016, strip search, and the Eighth Amendment applies to this claim. Strip searches that are not related to legitimate security needs or are conducted in a harassing manner in order to humiliate and inflict psychological pain, may be found unconstitutional under the Eighth Amendment. Even if a valid penological reason existed for the search, "the manner in which the searches were conducted must itself pass constitutional muster." *Mays v. Springborn*, 719 F.3d 631, 634, (7th Cir. 2013).

Because Plaintiff provides no information regarding the circumstances of the November 30 strip search, the Court cannot determine whether he may have a viable civil rights claim. Accordingly, **Count 6** shall be dismissed at this time without prejudice.

### Dismissal of Count 7 – Non-Compliance with FOIA

Plaintiff's claims that the St. Clair County State's Attorney and the Sheriff's Department improperly withheld documents that he requested under the Freedom of Information Act does not implicate any federal constitutional right. Plaintiff's FOIA request, and the question of whether the county agencies properly responded to it, is a matter of Illinois state law. A federal court does not enforce state law and regulations. *Archie v. City of Racine*, 847 F.2d 1211, 1217

(7th Cir. 1988) (en banc), *cert. denied,* 489 U.S. 1065 (1989); *Pasiewicz v. Lake Cnty. Forest Preserve Dist.*, 270 F.3d 520, 526 (7th Cir. 2001).

Further, it does not appear that it would be proper for this Court to assert supplemental jurisdiction over the claim for FOIA violations against the municipal entities. *See* 28 U.S.C. § 1367(a). A federal court may exercise supplemental jurisdiction over a state law claim that is related to a § 1983 claim, so long as the state claim "derive[s] from a common nucleus of operative fact" with the original federal claim. *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008). The FOIA claim, which arose in June 2017, does not have sufficient factual connection to the single surviving Fourth Amendment claim against Neff. To the extent that the documents Plaintiff sought through FOIA have any relation to the claim in Count 1, Plaintiff may be able to obtain them through discovery as this action proceeds.

The state-law FOIA claims in **Count 7** shall be dismissed without prejudice for failure to state a constitutional claim upon which relief may be granted.

**Pending Motion**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to the United States Magistrate Judge for further consideration.

**Disposition**

**COUNTS 3, 6, and 7** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. **COUNTS 4 and 5** are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

Defendants **ST. CLAIR COUNTY, ILLINOIS, ST. CLAIR COUNTY SHERIFF'S DEPARTMENT, BROWN, EVERSMAN, KOCUREK, CASTO,** and **LINDLEY** are **DISMISSED** from this action without prejudice.

Defendants **NESTER** and the **STATE ATTORNEY OFFICE of ST. CLAIR COUNTY** are **DISMISSED** from this action with prejudice.

As to **COUNTS 1 and 2**, the Clerk of Court shall prepare for Defendant **NEFF**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 9, 2017**

*s/J. Phil Gilbert*
United States District Judge