IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Harding Lovett, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.17-cv-1023-JPG-RJD |
| | ) | |
| Jarret Neff, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

Before the Court is Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 17) and Plaintiff's Motion to Amend (Doc. 18). Plaintiff is an inmate in the Illinois Department of Corrections and is currently incarcerated at Menard Correctional Center. On September 22, 2017, Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his rights by the St. Clair County Sheriff's Department during the execution of a search warrant of Plaintiff's apartment and his subsequent arrest. Following threshold screening, Plaintiff was allowed to proceed on the following claims:

**Count 1 -** Neff obtained a search warrant based on false information about Plaintiff's alleged illegal activity, then searched Plaintiff's home and arrested him using that warrant which lacked probable cause;

**Count 2 -** Neff and/or other sheriff's officer(s) used excessive force against Plaintiff during his arrest, by throwing him against a wall.

The Court dismissed the other five counts in Plaintiff's original complaint. Plaintiff's motion seeks to reinstate Count 3 (Doc. 17) and reinstate the defendants (Doc. 18) as follows:

**Count 3 -** Brown, Eversman, Kocurek, Costo, and Lindley subjected Plaintiff to an illegal strip search at the St. Clair County Jail on September 30, 2015.

In dismissing Count 3, the Court stated the following:

> For this claim, Plaintiff identifies several officers by name who were allegedly involved in the strip search. However, Plaintiff gives no facts regarding the search, and does not describe the conduct of any particular Defendant. He merely concludes that the strip search was "illegal." Such a conclusory statement, unsupported by any factual description, is insufficient to state a cognizable claim. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).
>
> Arbitrary or blanket strip searches of pretrial detainees may violate the Constitution. *See Bell v. Wolfish,* 441 U.S. 520, 558-60 (1979) (search of pretrial detainees after contact visits with outsiders was reasonable); *Calvin v. Sheriff of Will Cnty.*, 405 F. Supp. 2d 933, 938-940 (N.D. Ill. 2005) (noting that "*Bell* did not validate a blanket policy of strip searching pretrial detainees"). However, without any facts describing the search or the circumstances surrounding it, the Court cannot evaluate whether Plaintiff states a viable claim. Accordingly, **Count 3** shall be dismissed without prejudice at this time.

Federal Rule of Civil Procedure 15(a) states, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." "Reasons for finding that leave should not be granted include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007).

Plaintiff seeks to reinstate Count 3 but fails to provide any further facts regarding the search. In dismissing the claim, the Court clearly set forth that in order to state a viable claim, Plaintiff needed to provide facts describing the search or the circumstances surrounding it. In the Proposed Amended Complaint, Plaintiff restates that the strip search was "unconstitutional" and that it amounted to "cruel and unusual punishment." Plaintiff fails to provide any further facts to support his conclusory statements. Plaintiff does not describe the conduct of any particular Defendant. Plaintiff merely asserts that he did not see any reason for the search. As stated in the

previous Order, Plaintiff's assertions, without any supporting facts, are not enough for the Plaintiff to state a viable claim.

Based on the foregoing, it is hereby **ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 17) and Plaintiff's Motion to Amend (Doc. 18) are **DENIED**.

**IT IS SO ORDERED.**

**DATED:   February 22, 2018**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**