IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HARDING LOVETT,           )
                          )
    Plaintiff,         )
                          )
v.                        )     Case No. 17-cv-1023-JPG-RJD
                          )
JARRETT NEFF, et al.,     )
                          )
    Defendants.        )

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion for Production of Grand Jury Transcript (Doc. 27). Plaintiff has brought a civil rights action pursuant to 42 U.S.C. § 1983. His claims arise from his arrest and criminal proceedings while he was detained at the St. Clair County Jail. Following threshold screening, Plaintiff is proceeding on the following claims:

    **Count 1:**    Neff obtained a search warrant based on false information about Plaintiff's alleged illegal activity, then searched Plaintiff's home and arrested him using that warrant which lacked probable cause;

    **Count 2:**    Neff and/or other sheriff's officer(s) used excessive force against Plaintiff during his arrest, by throwing him against a wall.

This Court held Plaintiff's Fourth Amendment claim in Count 1 falls within the realm of claims that are not barred by Heck, so long as the claim stops short of seeking damages for Plaintiff's imprisonment. Plaintiff's conviction rests on his guilty plea; thus his conviction will not be impugned even if he were to prevail on his claim that the search warrant and arrest lacked probable cause because they were based on Neff's allegedly false statements.

Plaintiff's Complaint, filed *pro se*, raises questions concerning the timing of the grand jury proceedings, the timing of his indictment, the legitimacy of the grand jury proceedings, and the

accuracy of information provided by, in part, certain defendants. Plaintiff was appointed counsel by order of this Court on March 6, 2018. Plaintiff's counsel seeks a copy of the grand jury transcript in order to determine whether the grand jury proceedings were handled appropriately. Counsel seeks to review the transcript in order to analyze the merits, or lack thereof, of the theories of liability currently pending, to advise Plaintiff concerning his rights, and to timely determine the nature and extent of any possible amendments to Plaintiff's complaint that may be warranted.

The Seventh Circuit has ruled that, before a federal court orders the release of state grand jury testimony, the party seeking to discover the testimony should first bring the matter to the supervising state court to determine whether that grand jury testimony should be disclosed. *Lucas v. Turner*, 725 F.2d 1095, 1099 (7th Cir.1984) ("comity dictates that the federal courts defer action on any disclosure requests until the party seeking disclosure shows that the state supervisory court has considered his request and has ruled on the continuing need for secrecy.") The court went on to note that:

> "federal law determines the scope of the privilege covering these materials, and the requirement that these plaintiffs first seek disclosure through the avenues available to them in the state court does not give the state courts a veto over disclosure in this federal civil rights case. This preliminary stage is designed merely to forestall unnecessary intrusion by the federal courts in state grand jury proceedings or, at least, to ensure that the important state interest in secrecy is thoroughly considered. On the other hand, although the state court may determine that the materials are privileged under state law, only the federal court may determine whether the materials are privileged under federal common law. In this way the federal interest in disclosure will be properly considered preliminarily to a final decision on the privilege issue."

*Id*. Accordingly, Plaintiff's counsel is directed to first seek release of the grand jury transcripts in state court. Plaintiff's Motion for Production of Grand Jury Transcript is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**DATED:** May 7, 2018

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**